IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Criminal No. 3:02-cr-23 (HL) |
| | : |
| EDDIE HARRIS, | : |
| | : |
| Defendant. | : |

### ORDER

This matter is before the Court on the Motion for Reconsideration of Defendant Eddie Harris (Doc. 50) filed April 2, 2008. Harris was sentenced as a Career Offender in 2003 for crack cocaine offenses, After the United States Sentencing Commission made retroactive Amendment 706 to the sentencing guidelines, which provided for a two-level reduction in base offense levels for crack cocaine offenses, Harris applied to this Court for a reduction in sentence. His motion for reduction of sentence was denied on March 18, 2008. Thereafter, he filed a Notice of Appeal and the Motion for Reconsideration at issue here.

While Harris' Motion for Reconsideration was pending, the United States Court of Appeals for the Eleventh Circuit issued a decision in United States v. Moore, 541 F.3d 1323 (11th Cir. 2008), in which the court stated:

> Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence. Here, although Amendment 706 would reduce the base offense levels applicable to the defendants, it would not

affect their guideline ranges because they were sentenced as career offenders under § 4B1.1.

Moore, 541 F.3d at 1330.  Believing that the result in Moore foreclosed on Harris' right to receive a reduction in sentence pursuant to Amendment 706, the Court directed Harris to show cause why his Motion for Reconsideration should not be denied in light of Moore.  Harris has now responded to the Motion.

The authority for a district court to amend a sentence based on a change in the sentencing guidelines is controlled by 18 U.S.C.A. § 3582(c).  Specifically, § 3582(c) states

> in the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range* that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994 (o) . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C.A. § 3582(c)(2) (West 2000) (italics added).  In Moore, the Eleventh Circuit focused on the language of 18 U.S.C. § 3582(c)(2) restricting its application to those cases in which the defendant was sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission.  The court noted in Moore that the defendants' sentences were based on the guideline ranges applicable to career offenders under § 4B1.1 and that their base offense levels played no role in the calculation of the guideline ranges. The court concluded, therefore, that the defendants in Moore did not fall within the exception created by § 3582(c)(2) because "Amendment

706's effect on the defendants' base offense levels would not lower the sentencing ranges upon which their sentences were based." Moore, 541 F.3d at 1327.

Here, Harris takes exception to the narrow definition of "sentencing range" applied by the court in Moore to determine whether career offenders, whose base offense levels would otherwise be impacted by Amendment 706, fall within the exception created by § 3582(c)(2). He argues that because the base offense level must first be determined before any specific offense characteristics are applied, a decision that ignores the effect of a sentencing guideline amendment on the base offense level, is wrongly decided.

Even if this Court were to agree with Harris that the definition of "sentencing range" applied by the court in Moore is too narrow, the Court would be powerless to give Harris the relief that he seeks. Whether or not correctly decided, Moore is controlling on this Court. Moore holds that defendants who were sentenced as career offenders under § 4B1.1, as was Harris here, and whose base offense levels would otherwise be reduced by the application of amendment 706, are not defendants sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered. Moore, 541 F.3d at 1330. As such, these defendants do not fall within the exception created by § 3582(c)(2) and district courts are without authority to modify their terms of imprisonment using that statutory provision. *See also* United States v. James, ____ F.3d ____, 2008 WL 4867909 (11th Cir. Nov. 12, 2008).

In view of the foregoing, therefore, and consistent with the decision of the

3

Eleventh Circuit in <u>Moore</u>, the Court finds that it is without authority to modify Harris' sentence pursuant to § 3582(c)(2).  Accordingly, his Motion for Reconsideration (Doc. 50) is hereby denied.

      **SO ORDERED**, this the 10th day of December, 2008.

                                               **/s/ Hugh Lawson**

                                               **HUGH LAWSON, Judge**

mls